**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL T. MCRAITH, *et al.*, | ) | Case No.  07 C 7125 |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | Honorable John F. Grady |
| | ) | Magistrate Judge Nan R. Nolan |
| FRANCES GECKER, not individually but as | ) | |
| Chapter 11 Trustee of the estate of Automotive | ) | |
| Professionals, Inc., | ) | |
| | ) | On Appeal from Bankruptcy Case No. |
| Appellee. | ) | 07 B 06720, Honorable Carol A. Doyle |

<u>**TRUSTEE'S MOTION FOR REASSIGNMENT**</u>

Frances Gecker (the "Trustee"), not individually, but as Chapter 11 Trustee of

Automotive Professionals, Inc. (the "Debtor" or "API"), respectfully requests the entry of an

order, pursuant to Local Rule 40.3.1, reassigning the three appeals (the "Appeals") filed by The

People of the State of Illinois *ex rel* Michael T. McRaith, Director of Insurance of the State of

Illinois (the "Director") in connection with three orders entered by the United States Bankruptcy

Court for the Northern District of Illinois (the "Bankruptcy Court") to the Honorable Joan

Humphrey Lefkow.  In support of this motion, the Trustee states as follows:

<u>**INTRODUCTION**</u>

1.      At issue in the Appeals are three settlement transactions (the "Settlements"),

approved by the Bankruptcy Court, that resolve disputes relating to approximately $30 million in

funds generated from the sales of API's vehicle service contracts, and ensure that approximately

100,000 consumer creditors of API will have their valid repair claims paid in full pursuant to the

terms of the vehicle service contracts.

2.      As set forth below, the Trustee seeks to reassign the Appeals to the Honorable

Joan Humphrey Lefkow, who recently ruled on two motions for leave to file interlocutory appeal

("Motions For Leave To File Interlocutory Appeal") that the Director filed in the underlying bankruptcy case (the "Bankruptcy Case"). *See* case numbers 07-C-3750 and 07-C-4152. The pending Appeals implicate a number of the same issues of law and fact that the Director raised in the Motions For Leave To File Interlocutory Appeal. Therefore, the reassignment of the Appeals to Judge Lefkow will both conserve judicial resources and alleviate the risk of inconsistent judgments.

## BACKGROUND

3.    The Debtor is an Illinois corporation that was in the business of selling vehicle service contracts ("VSCs"). VSCs provide for the payment of automobile repairs for a fixed period of time after the expiration of the original manufacturer's warranty. At the time of the Debtor's bankruptcy filing in April, 2007, the Debtor had outstanding VSCs with approximately 325,000 consumers in 49 states.

4.    On February 15, 2007, after determining for a variety of reasons that its operations should be wound down to effect a distribution to consumers, the Debtor executed an assignment for the benefit of creditors, and transferred its assets to the API Creditors' Trust. On March 2, 2007, the Director filed a Verified Complaint for Conservation of Assets and Injunctive Relief against the Debtor and the API Creditors' Trust in state court, and obtained the entry of an *ex parte* Order of Conservation and Injunctive Relief (the "*Ex Parte* Order"), entered by the Circuit Court of Cook County, Case No. 2007-CH-05829, appointing the Director as conservator of API's assets.

5.    On April 13, 2007, the Debtor commenced the Bankruptcy Case for the stated purpose of maximizing the recovery by the Debtor's consumer creditors pursuant to a liquidating

plan of reorganization.  Immediately thereafter, the Debtor filed a motion, pursuant to 11 U.S.C. § 543, to compel the Director to turn over all property of API's bankruptcy estate to the Debtor.

6.      On April 27, 2007, the Director filed his motion to dismiss the Debtor's Bankruptcy Case, arguing that, among other things, (a) API is an insurance company or its substantial equivalent, and therefore ineligible for relief under the Bankruptcy Code, (b) the Bankruptcy Court lacked subject matter jurisdiction over API and its assets, and (c) the *Ex Parte* Order barred API from obtaining bankruptcy relief both on *res judicata* grounds, and because the *Ex Parte* Order purportedly divested API's officers of authorization to file API's bankruptcy petition.

7.      On June 12, 2007, after the matter was fully briefed and a hearing was held by the Bankruptcy Court, the Bankruptcy Court declined to dismiss the bankruptcy case (the "June 12 Order"), and instead appointed the Trustee as Chapter 11 trustee for the Debtor's estate.

8.      On July 3, 2007, the Bankruptcy Court entered a second order and memorandum opinion compelling the Director to turn over all of the Debtor's assets in his possession to the Trustee (the "July 3 Order").

**The Motions For Leave to File Interlocutory Appeal**

9.      On June 22, 2007 and July 13, 2007, the Director filed the Motions For Leave to File Interlocutory Appeal, pursuant to 28 U.S.C. § 158(a)(3), seeking leave to appeal the June 12 Order and the July 3 Order, respectively.  The Motions For Leave to File Interlocutory Appeal were assigned to Judge Lefkow.

10.      In the Motions For Leave to File Interlocutory, the Director again argued that:  (a) API is an insurance company or its substantial equivalent, and is therefore ineligible for relief under the Bankruptcy Code, (b) the Bankruptcy Court lacked subject matter jurisdiction over

- 3 -

API and its assets, and (c) the *Ex Parte* Order barred API from obtaining bankruptcy relief both on *res judicata* grounds, and because the *Ex Parte* Order purportedly divested API's officers of authorization to file API's bankruptcy petition.

11.    On October 23, 2007, in a 20-page Memorandum Decision, Judge Lefkow accepted the reasoning of the Bankruptcy Court underlying the June 12 Order and the July 3 Order, and denied the Motions For Leave to File Interlocutory Appeals.  Judge Lefkow held that the Director had not demonstrated the exceptional circumstances warranting interlocutory appeals (the "October 23 Decision").

12.    On November 6, 2007, the Director filed his Motion to Alter or Amend Judgment or in the Alternative Certify Issues for Appellate Review, requesting that the District Court reverse the October 23 Decision, or in the alternative, certify the issues for review by the Seventh Circuit Court of Appeals (the "Certification Motion").  The Certification Motion was denied on November 15, 2007.

**The Appeals**

13.    Since her appointment in June 2007, the Trustee has embarked on a program of negotiating and entering into settlement transactions with various parties asserting interests in the funds generated by the sale of API's VSCs.  These settlements have allowed thousands of API's consumer creditors to receive the full benefit of their prepetition rights under the VSCs and have their valid automobile repair claims paid in full.

14.    In the fall of 2007, the Trustee negotiated the three Settlements at issue in the Appeals. Collectively, the Settlements provide for the release of approximately $30 million in funds generated from the sale of VSCs, and ensure that tens of thousands of API consumer

creditors across the nation who purchased the VSCs generating those funds will have their valid repair claims paid in full.

15.　　All parties in interest with a financial stake in the Settlements consented to their approval by the Bankruptcy Court.  Only the Director opposed the Settlements, raising several of the same arguments he advanced in connection with his Motions For Leave to File Interlocutory Appeals, including (a) whether the Bankruptcy Court had jurisdiction over the administration of API's bankruptcy estate, (b) whether the funds subject to the Settlement Orders constitute property of API's bankruptcy estate, and (c) whether the *Ex Parte* Order barred the Bankruptcy Court from authorizing the use of the funds subject to the Settlement Orders.

16.　　On October 30, 2007, after the issues raised by the Director had been briefed, the Bankruptcy Court held a hearing at which time it approved the Settlements.  In connection with its ruling, the Bankruptcy Court considered and overruled each of the Director's objections.  In addition, the Bankruptcy Court held that the Director failed to meet the constitutional, statutory and prudential requirements of standing to be heard in connection with the Settlements.

17.　　The Bankruptcy Court entered the following orders approving the Settlements, which are the subject of the Director's pending Appeals (the "Settlement Orders"):

- Order Approving Trustee's Settlement With Certain Dealers, entered on October 30, 2007 [Bankruptcy Docket No. 460]

- Order Approving Trustee's Settlement With The Herb Chambers Companies, entered on October 30, 2007 [Bankruptcy Docket No. 461]

- Order Approving Settlement Agreement Between the Trustee and The Travelers Indemnity Company, entered on November 6, 2007 [Bankruptcy Docket No. 463]

18.　　Now, in the Appeals, the Director again advances several of the same arguments that he made to Judge Lefkow in support of his Motions For Leave to File Interlocutory Appeal, including (a) whether the Bankruptcy Court had jurisdiction over the administration of API's

bankruptcy estate, (b) whether the funds subject to the Settlement Orders constitute property of API's bankruptcy estate, and (c) whether the *Ex Parte* Order barred the Bankruptcy Court from authorizing the use of the funds subject to the Settlement Orders. *See* Director's Statement Of Issues On Appeal And Designation Of Record [Bankruptcy Docket Nos. 465, 467 and 469].

## RELIEF REQUESTED

19.     The Trustee requests the entry of an order, pursuant to Local Rule 40.3.1, reassigning the Appeals to the Honorable Joan Humphrey Lefkow.

## BASIS FOR THE RELIEF REQUESTED

20.     The Appeals should be reassigned to Judge Lefkow because the Appeals are sufficiently related, *i.e.*, they involve a number of the same legal issues and facts previously considered by Judge Lefkow.  Therefore, the adjudication of the Appeals by Judge Lefkow will conserve judicial resources and prevent an risk of inconsistent judgments.

21.     In the Northern District of Illinois, reassignments of appeals of bankruptcy orders are governed by Local Rule 40.3.1.  "Wherever there is activity in bankruptcy court following a district judge's consideration of[,] [among other things, a motion for leave to appeal an interlocutory order], any subsequent proceedings in the district court involving that item shall be assigned to the district judge who considered the item initially."  Local Rule 40.3.1(c).

22.     The Appeals involve significant legal issues and facts previously presented to Judge Lefkow in connection with the Motions For Leave to File Interlocutory Appeals.  For example, adjudication of the Appeals will entail consideration of facts necessary to understand the operation of API's business in the context of the Illinois Service Contract Act.  Judge Lefkow recently undertook an analysis of these facts in connection with her October 23 Decision.  In addition, Judge Lefkow considered extensive arguments raised by the Parties with respect to

several of the legal issues presented in the Appeals, including: (a) whether the Bankruptcy Court had jurisdiction over the administration of API's bankruptcy estate, (b) whether the funds subject to the Settlement Orders constitute property of API's bankruptcy estate, and (c) whether the *Ex Parte* Order barred the Bankruptcy Court from authorizing the use of the funds subject to the Settlement Orders.

23.     Thus, consistent with the policy of avoiding inconsistent judgments and conserving judicial resources, the Trustee requests that the Appeals be reassigned to Judge Lefkow.  *See, e.g.,  Smith v. Check-N-Go, Inc., et al.*, 200 F.3d 511, 513, FN* (7th Cir. 1999); *Southmark Corp. v. Cagen, et al.*, 950 F.2d 416, 419 (7th Cir. 1991). *Fairbanks Capital Corp. v. Jenkins*, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002).

WHEREFORE, Frances Gecker, not individually but as Chapter 11 trustee for the bankruptcy estate of Automotive Professionals, Inc., requests the entry of an order, pursuant to Local Rule 40.3.1, reassigning the Appeals to the Honorable Joan Humphrey Lefkow, and for such other relief as this Court deems just.

Dated:  December 27, 2007

Respectfully submitted,

FRANCES GECKER, not individually, but as Chapter 11 Trustee for the bankruptcy estate of AUTOMOTIVE PROFESSIONALS, INC.

By:     */s/ Micah R. Krohn*
        One of her attorneys

Frances Gecker (Illinois ARDC #6198450)
Micah R. Krohn (Illinois ARDC # 6217264)
FRANK/GECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60610
Telephone:     (312) 276-1400
Facsimile:     (312) 276-0035

<u>**CERTIFICATE OF SERVICE**</u>

I, Micah R. Krohn, an attorney, hereby certify that on December 27, 2007, true and correct copies of the foregoing **Trustee's Motion for Reassignment** were served by electronic mail upon the parties named on the attached Service List.  In addition, a true and correct copy was served electronically by operation of the Court's Electronic Filing System on all parties who are currently on the Court's Electronic Mail Notice List, a copy of which also is attached hereto.


By:   */s/ Micah R. Krohn*_____

*McRaith, et al. v. Gecker*
**Case Nos. 07 C 7125**
**appeal from USBC No. 07 B 06720**

**<u>SERVICE LIST</u>**

*via electronic mail*
Mary Cannon Veed
George Apostolides
Barry A. Chatz
Arnstein & Lehr, LLP
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606
mcveed@arnstein.com;
gpapostolides@arnstein.com;
bachatz@arnstein.com

*via electronic mail*
Margaret M. Anderson
Courtney E. Barr
Locke Lord Bissell & Liddell LLP
111 South Wacker Drive
Chicago, Illinois 60606
panderson@lockelord.com;
cbarr@lockelord.com

*via electronic mail*
Peter Roberts
Shaw Gussis Fishman Glantz Wolfson &
Towbin LLC
321 West Clark Street, Suite 800
Chicago, Illinois 60610
proberts@shawgussis.com

*via electronic mail*
Mark Schramm
One East Wacker Drive
Suite 2850
Chicago, Illinois 60601
marsch500@gmail.com

*via electronic mail*
Eric S. Lipper
Michael J. Durrschmidt
Hirsch & Westheimer, P.C.
700 Louisiana, 25th Floor
Houston, Texas 77002-2728
elipper@hirschwest.com;
mdurrschmidt@hirschwest.com

*via electronic mail*
Peter Young
Katten Muchin Rosenman
525 West Monroe Street
Chicago, Illinois 60661-3693
peter.young@kattenlaw.com

*via electronic mail*
Richard Craig Friedman
Office of the United States Trustee
Northern District of Illinois
227 West Monroe Street, Suite 3350
Chicago, Illinois 60606
richard.c.friedman@usdoj.gov

## *Mailing Information for a Case 1:07-cv-07125*

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Joseph Daniel Frank**
  jfrank@fgllp.com,ccarpenter@fgllp.com

- **Micah R. Krohn**
  mkrohn@fgllp.com,ccarpenter@fgllp.com

- **Ronald Anthony Rascia**
  rrascia@atg.state.il.us

- **Joshua G Rodin**
  jrodin@atg.state.il.us

- **Zane L. Zielinski**
  zzielinski@fgllp.com